**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALLEN HAMMLER, | No.   20-16089 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00245-TLN-CKD |
| v. | |
| DAVID BAUGHAM; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted March 16, 2021[**]

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

California state prisoner Allen Hammler appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging a First

Amendment retaliation claim.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo the district court's dismissal under 28 U.S.C. § 1915A.  *Resnick v.*

———————————

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Hammler's action because Hammler failed to allege facts sufficient to show that defendants took an adverse action against him because of his protected conduct. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (elements of a First Amendment retaliation claim in the prison context).

To the extent that Hammler alleged deficiencies in the grievance process, the district court properly dismissed these claims because "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

**AFFIRMED.**